IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Scott N. Johnson,                          )
                                           )    2:12-cv-00266-GEB-JFM
            Plaintiff,                     )
                                           )
       v.                                  )    ORDER RE: SETTLEMENT AND
                                           )    DISPOSITION
Toms Sierra Company, Inc.,                 )
individually and d/b/a Sierra              )
Nevada Tire & Wheel; Kenneth               )
Duane Macklin; Nicola Sheree               )
Macklin,                                   )
                                           )
            Defendants.                    )
_____           )

       Plaintiff filed a "Notice of Settlement" on April 26, 2012, in which he states, "the parties have settled this action[, and d]ispositional documents will be filed within (30) calendar days." (ECF No. 10.)

       Therefore, a dispositional document shall be filed no later than May 29, 2012. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

       Further, the Status Conference scheduled for hearing on May 21, 2012, is continued to June 25, 2012, commencing at 9:00 a.m., in the event no dispositional document is filed, or if this action is not

1  otherwise dismissed.[1]  A joint status report shall be filed fourteen (14)
2  days prior to the Status Conference.
3          IT IS SO ORDERED.
4  Dated:  May 7, 2012

6                                _____
                                  GARLAND E. BURRELL, JR.
7                                 United States District Judge

---

[1]     The Status Conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2